**Jesus M. GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 07–01–0015–CR.

Court of Appeals of Texas, Amarillo.

Dec. 11, 2001.

Discretionary Review Refused March 6, 2002.

Louis Elias Lopez, El Paso, for appellant.

William C. Sowder, Wade Jackson, Lubbock County Dist. Attorneys Office Lubbock, for appellee.

Before QUINN and REAVIS and JOHNSON, JJ.

PHIL JOHNSON, Justice.

Appellant, Jesus M. Garcia, appeals from an order of the trial court placing him on deferred adjudication pursuant to a plea bargain. He asserts that his plea was not voluntary and that the trial court abused its discretion in refusing to hold a hearing on his motion for new trial. We dismiss for want of jurisdiction.

On December 12, 2000, pursuant to a plea bargain, the judge of the 140th District Court in Lubbock County ("the trial court") considered evidence in Cause No. 97–425,011 in which appellant was charged with sexual assault. Finding the evidence substantiated appellant's guilt,[1] the trial court honored the plea bargain between the State and appellant, deferred adjudication of appellant's guilt, and placed appellant on community supervision for ten years.

On January 9, 2001, appellant filed both a Motion for New Trial and a Notice of Appeal. His Notice of Appeal stated that his notice and appeal were exempt from the requirements of Tex.R.App. P. 25.2(b)[2] because he was challenging the voluntariness of his plea. His Motion for New Trial claimed that (1) appellant had not been advised by either of his attorneys that he was to plead guilty on December 12, 2000, and that he was not aware of the planned plea; (2) neither of his attorneys advised him of "the INS consequences of his plea and as a result, [appellant] is now on the verge of being deported"; and (3) before December 12th, the complaining witness had recanted her accusations, admitted that she perjured herself in making the accusations against appellant, and advised appellant's attorney that she wished to drop the charges against appellant, but that appellant's attorney failed to develop such facts or pursue the line of defense. Appellant filed a request for the trial court to make findings of fact and conclusions of law as to his motion.

On March 13, 2001, appellant filed a verified pleading entitled Motion to Reconsider Hearing Defendant's Motion for New Trial ("motion to reconsider"). In the verified motion to reconsider, appellant alleged that on March 2, 2001, the trial court coordinator orally set appellant's Motion for New Trial for hearing on March 15th, but that on March 12th, the trial judge gave notice that the motion would not be heard at all. The motion to reconsider urged the trial court to grant a hearing

---

1. The documents in the clerk's record indicate that appellant actually desired to plead *nolo contendere.* Appellant does not complain about the trial court's order reciting that he pled guilty.

2. Further reference to a rule of appellate procedure will be by reference to "TRAP__."

because appellant sought a new trial based on matters outside the record as it then stood. The certificate of service certifies that a copy of the motion to reconsider was forwarded to the trial court.

On March 23, 2001, the trial judge filed Findings of Fact and Conclusions of Law. The findings and conclusions stated, in part, that (1) appellant had been advised by the court that his plea could result in deportation or exclusion from the United States, (2) appellant's attorney indicated that the deportation matter had been discussed with appellant, (3) the judge was satisfied at the time of the plea that appellant was aware of the possible consequences of his plea insofar as INS was concerned, yet desired to proceed with the plea, (4) the plea was pursuant to a plea bargain between the State and appellant, (5) the punishment assessed did not exceed that recommended by the prosecutor and agreed to by appellant, and (6) appellant did not ask for nor did the trial court grant permission for appellant to appeal.

■ Appellant presents three issues. First, he urges that the trial court abused its discretion in refusing to allow appellant to present evidence on his motion for new trial. Second, he claims that the trial court erroneously admonished appellant as to immigration consequences of his plea. Third, appellant claims that his trial counsel did not provide effective assistance of counsel.

The State responds to appellant's first issue by urging that motions for new trial are inapplicable to deferred adjudication proceedings, thus appellant's motion was a nullity and the trial court could not have abused its discretion in refusing to hold a hearing on the motion. Additionally, according to the State, appellant did not present the motion to the trial court within ten days of its filing, as required by TRAP 21.6. As to appellant's second and third issues, the State urges that appellant cannot challenge the voluntariness of his plea by appeal, that appellant has not complied with TRAP 25.2(b)(3), and that appellant has not invoked our appellate jurisdiction. We agree that appellant has not invoked our jurisdiction.

■ In a criminal case, appeal is perfected by timely filing a notice of appeal. TRAP 25.2(a). A defective attempt to perfect appeal from a conviction fails to invoke the jurisdiction of the appellate court. *Olivo v. State,* 918 S.W.2d 519, 523 (Tex. Crim.App.1996). The appellate court then has no jurisdiction over the appeal and must dismiss the matter. *Id. See Slaton v. State,* 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

■ To perfect appeal from a judgment which was rendered on the defendant's plea of guilty or *nolo contendere* under Code of Criminal Procedure article 1.15, and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court granted permission to appeal. *See* TRAP 25.2(b)(3); *Young v. State,* 8 S.W.3d 656, 666–67 (Tex. Crim.App.2000). The requirements of TRAP 25.2(b)(3) apply to a defendant who plea bargains for deferred adjudication. *See Vidaurri v. State,* 49 S.W.3d 880, 883 (Tex.Crim.App.2001) (application of TRAP 25.2(b)(3) is triggered by nature of original plea bargain process); *Brown v. State,* 943 S.W.2d 35, 41 (Tex.Crim.App.1997) (construing former TRAP 40(b)(1)). Alleged errors in the original deferred-adjudication plea proceeding must be appealed at the time of the original proceeding. *See Man-*

*uel v. State,* 994 S.W.2d 658, 662 (Tex. Crim.App.1999). Voluntariness of a plea subject to TRAP 25.2(b)(3) may not be raised on appeal. *See Cooper v. State,* 45 S.W.3d 77, 83 (Tex.Crim.App.2001).

■ At the time appellant filed his Motion for New Trial and Notice of Appeal, he did not have the benefit of the opinion of the Court of Criminal Appeals in *Cooper.* It is now clear, as appellant commendably acknowledged at oral submission, that voluntariness of appellant's plea cannot be the basis of appeal from a plea proceeding subject to TRAP 25.2(b)(3), as his was. *See id.* Appellant's notice of appeal does not state [3] that the subject of the appeal was raised by written motion ruled on before trial, that the trial court granted permission to appeal, or that the appeal was for a jurisdictional defect. The notice states only that the appeal is to challenge the voluntariness of his plea. The form of the notice does not suffice to invoke our appellate jurisdiction. *See Young,* 8 S.W.3d at 666–67; *Jones,* 42 S.W.3d at 147. Therefore, we must, and do, dismiss the appeal for want of jurisdiction. *See Slaton,* 981 S.W.2d at 210.

---

**3.** A notice of appeal which simply states one of the jurisdictional bases required by TRAP 25.2(b)(3) does not invoke appellate jurisdiction. The substance of the appeal must support and correspond to the jurisdictional basis stated in the notice. *See Cooper,* 45 S.W.3d at 78; *Jones v. State,* 42 S.W.3d 143, 147 (Tex. App.—Amarillo 2000, no pet.).