No. 04-02-00447-CR



Jose Luis VILLARREAL,


Appellant



v.



The STATE of Texas,


Appellee




From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 2001-CR-6627


Honorable Sharon MacRae, Judge Presiding



PER CURIAM


Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: August 28, 2002


DISMISSED FOR LACK OF JURISDICTION

 Jose Luis Villarreal pled guilty to a felony and was sentenced in accordance with the terms
of his plea bargain agreement. He timely filed a notice of appeal.

 Because Villarreal was sentenced in accordance with a plea bargain agreement, his notice of
appeal must state the appeal is from a jurisdictional defect, the substance of the appeal was raised by
written motion and ruled on before trial, or the trial court granted permission to appeal. Tex. R. App.
P. 25.2(b)(3); Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); see State v. Riewe, 13
S.W.3d 408 (Tex. Crim. App. 2000). An appellant must comply with Rule 25.2(b)(3) both in form
and in substance. Where the record does not affirmatively substantiate the recitations in the notice
of appeal, this court's jurisdiction is not properly invoked. Garcia v. State, 76 S.W.3d 33, 36 n.3
(Tex. App.-Amarillo Dec. 11, 2001, pet. ref'd); Betz v. State, 36 S.W.3d 227, 228 (Tex.
App.-Houston [14th Dist.] 2001, no pet.); Sherman v. State, 12 S.W.3d 489, 492 (Tex. App.-Dallas
1999, no pet.). Villarreal's pro se notice of appeal states:

 Pursuant to Rule 25.5(b)(3)(a),(B) and (C), the following indicated items apply as a
basis for Defendant's Notice of Appeal:

 (A) the appeal is for Jurisdictional defect (explanation attached
hereto);

 (B) the substance of the appeal was raised by written motion and ruled
on before Trial (motion and ruling attached here to);

 (C) permission to appeal

 ( ) has been granted by Trial Court ( )has been denied by Trial Court

Villarreal did not "indicate" any of the three stated grounds as the basis of his appeal, and there are
no explanations, motions, or rulings attached to the notice of appeal. Moreover, the record contains
no rulings on pretrial motions, does not reflect the trial court granted Villarreal permission to appeal,
and does not reflect any jurisdictional defects. 

 Because it appears Villarreal failed to comply with Rule 25.2(b)(3) in form or in substance,
we ordered him to show cause why the appeal should not be dismissed for lack of jurisdiction. We
advised appellant that failure to adequately respond may result in dismissal of the appeal. See Tex.
R. App. P. 44.3. Appellant did not respond to the show cause order. Because the notice of appeal
does not comply with Rule 25.2(b)(3) and the record does not substantively reflect any of the matters
listed in Rule 25.2(b)(3), the jurisdiction of this court has not been invoked. See White v. State, 61
S.W.3d 424 (Tex. Crim. App. 2001); Cooper v. State, 45 S.W.3d 77 (Tex. Crim. App. 2001);
Garcia, 76 S.W.3d at n.3; Betz, 36 S.W.3d at 228; Sherman, 12 S.W.3d at 492. We therefore dismiss
this appeal for lack of jurisdiction.

 PER CURIAM

Do not publish