No. 04-02-00567-CR



Noberto Trevino CASANOVA,


Appellant



v.



The STATE of Texas,


Appellee




From the 379th Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CR-2424


Honorable James E. Barlow, Judge Presiding



PER CURIAM


Sitting: Sarah B. Duncan, Justice

 Karen Angelini, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: October 23, 2002


DISMISSED FOR LACK OF JURISDICTION

 Noberto Trevino Casanova pled guilty to arson as a repeat offender and, pursuant to a plea
bargain, was sentenced to ten years imprisonment in the Texas Department of Criminal Justice -
Institutional Division. Casanova timely filed a notice of appeal. 

 Because Casanova was sentenced in accordance with a plea bargain agreement, the notice of
appeal was required to state the appeal is from a jurisdictional defect, the substance of the appeal was
raised by written motion and ruled on before trial, or the trial court granted permission to appeal.
Tex. R. App. P. 25.2(b)(3); Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); see State
v. Riewe, 13 S.W.3d 408 (Tex. Crim. App. 2000). Casanova's notice of appeal states the appeal is
from a jurisdictional defect. However, an appellant must comply with Rule 25.2(b)(3) both in form
and in substance. Where the record does not affirmatively substantiate the recitations in the notice
of appeal, this court's jurisdiction is not properly invoked. Garcia v. State, 76 S.W.3d 33, 36 n.3
(Tex. App.-Amarillo 2001, pet. ref'd); Betz v. State, 36 S.W.3d 227, 228 (Tex. App.-Houston [14th
Dist.] 2001, no pet.); Sherman v. State, 12 S.W.3d 489, 492 (Tex. App.-Dallas 1999, no pet.). The
explanation of the alleged jurisdictional defect attached to Casanova's notice of appeal raises issues
regarding the voluntariness of his plea and effectiveness of his counsel, but does not raise any
jurisdictional issues. Moreover, on review of the clerk's record, no jurisdictional defects are apparent.
We therefore ordered appellant to show cause why this appeal should not be dismissed for lack of
jurisdiction.

 Appellate counsel did not respond by letter as ordered; instead she responded by filing a brief
and motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), in which she asserts
the record does not establish a jurisdictional defect and there are no meritorious issues to raise on
appeal. Because we do not have jurisdiction over this appeal, we order the Anders brief filed by
counsel stricken. The motion to withdraw and the appeal are dismissed for lack of jurisdiction.


 PER CURIAM

Do not publish