COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-040-CR

 

 

TRAVIS JAMES TURLEY                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Travis James Turley
appeals his conviction for driving while intoxicated.  We affirm.








Appellant was charged with
misdemeanor driving while intoxicated (DWI). 
Before trial, appellant moved to suppress evidence, arguing that the
arresting officer lacked reasonable suspicion to stop him.  After an evidentiary hearing, the trial court
denied the motion to suppress without entering findings of fact.  Appellant subsequently pleaded guilty to DWI,
and the trial court sentenced appellant, pursuant to a plea bargain, to a fine
of $550.00 and ninety days in jail, probated for twenty-four months.

Shortly after pleading
guilty, appellant filed a motion for new trial, alleging that he would not have
pleaded guilty had he known that his driver=s license would be suspended. 
Appellant=s attorney
requested a hearing on the motion for new trial, but appellant claims that a
hearing was never held.

In his first issue, appellant
contends that the trial court erred by failing to hold a hearing on his motion
for new trial which, he claims, was properly supported by affidavits alleging
matters not determinable from the record and timely presented to the trial
court.








Appeals from misdemeanor
convictions based on plea-bargained guilty or nolo contendere pleas honored by
the trial court are governed by Texas Rule of Appellate Procedure 25.2(a)(2).[2]  Rule 25.2(a)(2) limits the right to appeal in
a plea bargain case to those matters that were raised by a written motion filed
and ruled on before trial or after getting the trial court=s permission to appeal.[3]  The limitation on the right to appeal extends
to claims that a plea was involuntary and to complaints challenging a trial court=s ruling, or failure to hold a hearing, on a motion for new trial.[4]  








Here, the trial court=s amended certification of appellant=s right to appeal states that this Ais a plea-bargain case, but matters were raised by written motion
filed and ruled on before trial and not withdrawn or waived, and the defendant
has the right of appeal.@[5]  The trial court did not give
appellant permission to appeal the trial court=s failure to hold a hearing on appellant=s motion for new trial, nor is there any evidence in the record that
appellant requested permission to appeal such a complaint.  Accordingly, we do not have the authority to
consider appellant=s first
issue, and we dismiss it without addressing the merits.[6]

In his second issue,
appellant complains that the trial court erred by failing to grant his motion
to suppress because the officer based the stop solely on information he
received from a citizen.








We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.[7]  We do not engage in our own factual review
but give Aalmost total
deference@ to the
trial court=s rulings on
questions of historical fact and application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.[8]  However, when the trial court=s rulings do not turn on the credibility and demeanor of the witnesses,
we review a trial court=s rulings on
mixed questions of law and fact de novo.[9]

An officer conducts a lawful
temporary detention when he has reasonable suspicion to believe that an
individual is violating the law.[10]  Reasonable suspicion exists when, based on
the totality of circumstances, the officer has specific, articulable facts that
when combined with rational inferences from those facts would lead him
reasonably to conclude that a particular person is, has been, or soon will be
engaged in criminal activity.[11]








An officer may rely on
information received from a citizen, rather than his direct observation, so
long as the citizen=s statement
is reasonably corroborated by other matters within the officer=s knowledge.[12]  Corroboration means that the officer confirms
enough facts to conclude reasonably, in light of the circumstances, that the
information provided is reliable and a detention is justified.[13]  Where the reliability of information is
increased, less corroboration is necessary.[14]  A citizen=s tip deserves great weight when there is a detailed description of
the wrongdoing along with a statement that the event was witnessed firsthand,
when a citizen puts herself in a position to be held accountable for her
intervention, or when the citizen is not connected with the police or a paid
informant.[15]

Officer David Jackson
testified that on December 12, 2005, around 3:00 a.m., he received a call on
his cell phone from a gas station clerk named Angela.  Officer Jackson knew Angela because he often
stopped at the gas station.  Angela told
Officer Jackson that appellant had driven into the gas station parking lot and
almost hit one of the gas pumps.  She
also stated that when appellant entered the store she smelled alcohol on him
and suspected that he was intoxicated. 
Angela gave Officer Jackson appellant=s license plate number and a description of his vehicle. 








Officer Jackson arrived at
the gas station about two or three minutes after receiving the call.  He located appellant=s car, verified the license plate number that he had received, and
observed appellant for a few minutes in the parking lot.  When appellant drove off, Officer Jackson
followed him.  Even though he did not
witness any traffic violations, Officer Jackson stopped appellant, performed
field sobriety tests, and ultimately arrested appellant for DWI.[16]








Based on the totality of
circumstances, we conclude that Officer Jackson had reasonable suspicion to
stop appellant.  To begin with, the citizen-informant=s tip was sufficiently reliable. 
The informant in this case was not anonymous, but Officer Jackson knew
both her first name and the location from which she was calling, which was her
workplace.  Thus, Angela was in a
position to be held accountable for her intervention, one factor indicating
that the tip was reliable.[17]  Further, Angela relayed events that she had
witnessed firsthand, and she continued to observe appellant=s vehicle in the parking lot while she called Officer Jackson, two
other indications of reliability.[18]  She also gave Officer Jackson the make,
model, color, and license plate number of the vehicle, and Officer Jackson=s ability to identify the correct vehicle based on the tip increased
the reliability of the information.[19]  Finally, there is no indication that Angela
was a paid informant, which would decrease her reliability.[20]  We conclude, therefore, that Officer Jackson
was justified in relying on Angela=s tip.[21]

Angela told Officer Jackson
that appellant almost hit a gas pump when he drove into the parking lot, that
he smelled of alcohol, and that she thought he was intoxicated.  Based on the totality of circumstances,
Officer Jackson had specific, articulable facts that led him reasonably to
conclude that appellant was driving while intoxicated.[22]  Thus, we hold that the trial court correctly
denied the motion to suppress,[23]
and we overrule appellant=s second
issue.








Having dismissed appellant=s first issue and overruled his second, we affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL A: 
CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

PUBLISH

DELIVERED: 
November 29, 2007











[1]See Tex. R. App. P. 47.4.





[2]See, e.g.,
Merino v. State, No. 14-05-01091-CR, 2005 WL 3199450, at *1 (Tex. App.CHouston
[14th Dist.] Dec. 1, 2005, pet. ref=d) (mem. op., not designated
for publication); Martinez v. State, No. 04-03-00780-CR, 2004 WL 199278,
at *1 (Tex. App.CSan
Antonio Feb. 4, 2004, no pet.) (mem. op., not designated for publication); Webb
v. State, No. 02-02-00432-CR, 2003 WL 21666630, at *1 (Tex. App.CFort
Worth July 17, 2003, pet. ref=d) (mem. op., not designated
for publication).





[3]Tex. R. App. P. 25.2(a)(2).





[4]See Whitfield
v. State, 111 S.W.3d 786, 789 (Tex. App.CEastland 2003, pet. ref=d)
(dismissing appeal from plea-bargained, felony case involving the denial of a
motion for new trial); Garcia v. State, 76 S.W.3d 33, 35B36
(Tex. App.CAmarillo
2001, pet. ref=d)
(holding that court of appeals could not consider appellant=s
complaint that the trial court refused to hold a hearing on his motion for new
trial following a plea bargain); Lenox v. State, 56 S.W.3d 660, 664B65
(Tex. App.CTexarkana
2001, pet. ref=d)
(declining to address voluntariness of appellant=s
plea-bargained guilty plea to misdemeanor without the trial court=s
permission); see also Cooper v. State, 45 S.W.3d 77, 81 (Tex.
Crim. App. 2001) (holding that voluntariness of a plea may not be raised on
appeal from a plea-bargained, felony charge absent the trial court=s
permission).





[5]The
record supports the correctness of the certification.  See Dears v. State, 154 S.W.3d 610,
613B15
(Tex. Crim. App. 2005).





[6]See Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (holding that once
appellate court determines appellant has no right of appeal, dismissal is
required without inquiry into even possibly meritorious claims); Bayless v.
State, 91 S.W.3d 801, 803 n.2 (Tex. Crim. App. 2002) (explaining that the
issue is not the court of appeals= jurisdiction but rather
whether the matter complained of is cognizable); Webb, 2003 WL 21666630,
at *1 (refusing to address appellant=s second point that was not
raised in pretrial motion and where the trial court did not grant permission to
appeal the matter).





[7]Carmouche
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).





[8]Montanez
v. State, 195 S.W.3d 101, 108B09
(Tex. Crim. App. 2006); Johnson v. State, 68 S.W.3d 644, 652B53
(Tex. Crim. App. 2002); Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim.
App. 1990); State v. Ballman, 157 S.W.3d 65, 68 (Tex. App.CFort
Worth 2004, pet. ref=d).





[9]Estrada
v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson,
68 S.W.3d at 652B53.





[10]Ford v.
State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).





[11]Id. at
492B93.





[12]Brother
v. State, 166 S.W.3d 255, 258B59
(Tex. Crim. App. 2005), cert. denied, 546 U.S. 1150 (2006); State v.
Sailo, 910 S.W.2d 184, 188B89 (Tex. App.CFort
Worth 1995, pet. ref=d)
(citing Illinois v. Gates, 462 U.S. 213, 242, 103 S. Ct. 2317, 2334
(1983)).





[13]Brother, 166
S.W.3d at 259 n.5; Sailo, 910 S.W.2d at 189.





[14]Pipkin
v. State, 114 S.W.3d 649, 654 (Tex. App.CFort
Worth 2003, no pet.); State v. Stolte, 991 S.W.2d 336, 341 (Tex. App.CFort
Worth 1999, no pet.).





[15]Pipkin, 114
S.W.3d at 655; Stolte, 991 S.W.2d at 341.





[16]At
the beginning of the hearing on the motion to suppress, the parties agreed that
the scope of the hearing was Athe reasonable suspicion for
the stop . . . not the intoxication facts.@





[17]See, e.g.,
Pipkin, 114 S.W.3d at 655.  Angela=s
written police report, prepared several days after appellant=s
arrest, demonstrates that she was actually contacted at a later time.





[18]Id.





[19]See
Brother, 166 S.W.3d at 258; Gansky v. State, 180 S.W.3d 240, 246 (Tex.
App.CFort
Worth 2005, pet. ref=d).





[20]See
Pipkin, 114 S.W.3d at 655.





[21]See, e.g.,
id.; Anders v. State, No. 02-06-00315-CR, 2007 WL 1575015, at *3
(Tex. App.CFort
Worth May 31, 2007, no pet.) (mem. op., not designated for publication).





[22]See, e.g.,
Potts v. State, No. 11-01-00246-CR, 2002 WL 32344506, at *2 (Tex. App.CEastland
June 27, 2002, no pet.) (holding reasonable suspicion to further detain and
investigate existed where appellant reportedly drove erratically and smelled of
alcohol).





[23]Although
appellant argues, as he did in the trial court, that Officer Jackson=s
testimony is not credible because it incorporated details not included in his
written police report and earlier testimony at an administrative license
revocation hearing, we give almost total deference to the trial court=s
evaluation of credibility.  E.g., Johnson,
68 S.W.3d at 652B53; Ballman,
157 S.W.3d at 68.