**Michael Thomas RUSSELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–00–152–CR.**

Court of Appeals of Texas,
Waco.

Jan. 3, 2001.

Stephen F. Fink, Bryan P. Neal, Thompson & Knight,L.L.P., Dallas, for appellant.

Bill Hill, Dallas County Criminal Dist. Atty., Patricia Poppoff Noble, Dallas County Asst. Dist. Atty., Dallas, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

### ORDER

PER CURIAM.

Michael Thomas Russell filed a Motion for Rehearing urging this Court to reconsider our opinion dismissing his appeal for want of jurisdiction. Russell contends that the extra notice requirements of Rule 25.2(b)(3) of the Rules of Appellate procedure apply only to appeals from plea bargained felony convictions. Russell pled guilty to a misdemeanor offense.

The State responds that our reliance on *State v. Riewe* was correct when we dismissed Russell's appeal even though he pled to a misdemeanor offense because *Riewe* also involved a misdemeanor offense. *See State v. Riewe,* 13 S.W.3d 408 (Tex.Crim.App.2000). It is unclear whether the defendant in *Riewe* had pled to a misdemeanor offense. The opinion of the Court of Criminal Appeals only recites that the defendant was convicted of driving while intoxicated. Driving while intoxicated can be either a misdemeanor or a felony offense. *See* TEX.PEN.CODE ANN. §§ 49.04, 49.09(b) (Vernon Supp.2001).

Nevertheless, we have already held that the extra notice requirements apply only to felony plea bargained appeals. *Taylor v.. State,* 916 S.W.2d 680, 684 (Tex.App.—Waco 1996, pet. ref'd)(interpreting former Rule 40(b)(1)). We remain convinced that

our holding in *Taylor* is correct and, unless the Court of Criminal Appeals holds otherwise, we will continue to adhere to it.

Therefore, Russell's Motion for Rehearing is granted. Our opinion and judgment dated November 8, 2000, are withdrawn, and the appeal is reinstated. Russell's Motion to Amend Notice of Appeal is denied as unnecessary.