**Drew Harold LENOX, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–00–00246–CR.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 15, 2001.

Decided Aug. 16, 2001.

Drew Harold Lenox, pro se.

Dan K. Parchman, County Attorney, Mount Vernon, for Appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

Opinion by Justice GRANT.

Drew Lenox appeals his conviction for misdemeanor driving while intoxicated (DWI). The trial court sentenced him to ninety days in the county jail and a $500 fine, but suspended the imposition of his sentence and placed him on two years' community supervision. The record reflects that Lenox pleaded guilty as part of

a plea bargaining agreement, which the trial court accepted.

On appeal, Lenox contends that there was insufficient evidence to convict him of DWI, that he was incompetent to stand trial, that he entered his guilty plea involuntarily, and that the trial court erred in overruling his request for an attorney. He appeared pro se at trial and is acting without an attorney on appeal.

The first issue is whether we have jurisdiction to consider Lenox's appeal. The record does not show that Lenox raised his issues by a pretrial written motion or that he has the trial court's permission to appeal. Under TEX.R.APP. P. 25.2(b)(3), if the appellant is appealing from a judgment rendered on his plea of guilty under TEX. CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.2001), and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice of appeal must specify: (1) that the appeal is for a jurisdictional defect, (2) that the substance of the appeal was raised by written motion and ruled on before trial, or (3) that the trial court granted permission to appeal. Article 1.15 provides some of the prerequisites for conviction in felony cases. TEX. CODE CRIM. PROC. ANN. art. 1.15.

Lenox contends that because he was convicted of a misdemeanor, Rule 25.2(b)(3) does not apply to him. He contends that, notwithstanding the fact that he did not raise his issues by pretrial written motion and that he did not obtain the trial court's permission to appeal, this Court has jurisdiction over his appeal. He cites *Lemmons v. State*, 818 S.W.2d 58 (Tex.Crim.App.1991), *Isam v. State*, 582 S.W.2d 441 (Tex.Crim.App. [Panel Op.] 1979), and *Russell v. State*, 33 S.W.3d 471 (Tex.App.—Waco 2001, no pet. h.).

In *Isam*, the defendants were charged with possession of misdemeanor amounts of marihuana. *Isam*, 582 S.W.2d at 442. They filed a motion to suppress, which was overruled. *Id.* They then pleaded guilty. *Id.* On appeal, the Texas Court of Criminal Appeals concluded it had jurisdiction under TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979) to review the trial court's ruling on the defendants' motion to suppress. *Isam*, 582 S.W.2d at 442. At the time, Article 44.02 provided:

> A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial.

*Id.* at 442; *see also* TEX.CODE CRIM. PROC. ANN. art. 44.02.

The *Isam* court acknowledged the rule that a guilty plea to a misdemeanor admits every element of the offense charged. *Id.* at 443–44 (citing *Brown v. State*, 507 S.W.2d 235, 238 (Tex.Crim.App.1974)). That rule, if applied in *Isam*, would have prevented the appellant from appealing because of the *Helms* rule. At the time, the *Helms* rule provided that a defendant's guilty plea waives all nonjurisdictional errors, but *Helms* has recently been overruled. *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972), *overruled*, *Young v. State*, 8 S.W.3d 656, 666 (Tex. Crim.App.2000). The *Isam* court refused to apply the rule from *Brown* in misdemeanor cases governed by Article 44.02 because it concluded that doing so would

frustrate the statute's intent of encouraging guilty pleas where the only issue is the trial court's ruling on the defendant's pretrial motion. *Isam*, 582 S.W.2d at 444.

After *Isam* was decided, the Legislature gave the Texas Court of Criminal Appeals the power to repeal certain provisions of the Code of Criminal Procedure, including Article 44.02, if the court "promulgates a comprehensive body of rules of posttrial, appellate, and review procedure in criminal cases," provided, however, "that its rules may not abridge, enlarge, or modify the substantive rights of a litigant." Act of May 27, 1985, 69th Leg., R.S., ch. 685, §§ 1 & 4, 1985 Tex. Gen. Laws 2472–73 (codified at TEX. GOV'T CODE ANN. § 22.108 (Vernon Supp.2001)). Under this authorization, by an order dated December 18, 1985, the Texas Court of Criminal Appeals repealed the proviso portion of Article 44.02 (i.e., the part of the statute after the words "provided, however") and replaced it with TEX.R.APP. P. 40(b)(1). *See Lyon v. State*, 872 S.W.2d 732, 735 (Tex.Crim.App. 1994); *see also* TEX.CODE CRIM. PROC. ANN. art. 44.02 cmt. (Vernon 1979). Rule 40(b)(1) provided in relevant part

> Appeal is perfected in a criminal case by giving timely notice of appeal; ... Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

TEX.R.APP. P. 40(b)(1) (Vernon 1997) (repealed).

In *Lemmons*, the defendant pleaded guilty to the offense of misdemeanor DWI after the trial court overruled his motion to suppress. *Lemmons*, 818 S.W.2d at 59. The court of appeals held that Rule 40(b)(1) did not apply to guilty pleas in misdemeanor cases and that the *Helms* rule prevented the defendant from raising on appeal the issue regarding his motion to suppress because he pleaded guilty. *Id.* at 59.

In reversing the court of appeals, the Texas Court of Criminal Appeals first acknowledged that the purpose of the proviso portion of Article 44.02 was to abrogate the *Helms* rule in plea-bargained cases. *Id.* at 61 (citing *Ferguson v. State*, 571 S.W.2d 908, 910 (Tex.Crim.App. [Panel Op.] 1978), *overruled on other grounds*, *Morgan v. State*, 688 S.W.2d 504 (Tex. Crim.App.1985)). It then observed that Rule 40(b)(1) "was not intended to and did not have the effect of reviving the *Helms* rule," because in enacting Rule 40(b)(1), the court "acted on the assumption that the body of case law construing the proviso would prevail and still control." *Lemmons*, 818 S.W.2d at 62. Rather, the court wrote,

> Coupled with retained statutory provisions granting a right to appeal under prescribed rules "in any criminal action," the thrust of [Rule 40(b)(1) ] is to instruct that an appeal is perfected by giving written notice to invoke general appellate jurisdiction of the appropriate court of appeals. ***Because the Court held in, e.g., [Isam] that "different rules apply to the guilty plea [in misdemeanor cases]," the rule subjected***

*only pleas in felony cases to the particularized "extra notice" requirement. That such "notice" is pretermitted in misdemeanor cases means the customary written notice of appeal is sufficient to invoke appellate jurisdiction of the court.*

*Id.* at 62–63 (footnotes and citations omitted; emphasis added). Thus, the court concluded, the defendant's notice of appeal, perfected pursuant to the first part of Rule 40(b)(1), gave the court of appeals jurisdiction to consider the trial court's ruling on his motion to suppress, while *Isam's* holding made clear that his guilty plea did not waive that issue. *Id.*

Since *Lemmons*, Rule 40(b)(1) has been repealed and Rule 25.2 has been enacted. Rule 25.2(b)(3) is similar to both the proviso portion of Article 44.02 and the portion of Rule 40(b)(1) after the "but if" clause in that it provides

[I]f the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:

(A) specify that the appeal is for a jurisdictional defect;

(B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

TEX.R.APP. P. 25.2(b)(3). Therefore, *Lemmons's* holding—that Rule 40(b)(1)'s "extra notice" requirements apply only to plea-bargained felony convictions—is also applicable to Rule 25.2(b)(3), because like

Rule 40(b)(1), Rule 25.2(b)(3) applies only to plea-bargained felony convictions (i.e., those made under Article 1.15 of the Texas Code of Criminal Procedure).

In both *Isam* and *Lemmons*, the defendants were appealing the trial court's ruling on their motions to suppress. In both cases, the court construed the applicable appellate rules in such a way as to avoid application of the *Helms* rule and to hold that the court of appeals had jurisdiction to consider the trial court's ruling on the defendants' motions to suppress. However, the Texas Court of Criminal Appeals has not had occasion to address the situation here, i.e., where the defendant pleaded guilty to a misdemeanor offense as part of a plea bargaining agreement and seeks to appeal matters that he did not raise by written motion before trial and that he does not have the trial court's permission to appeal. *See Levels v. State*, 866 S.W.2d 103, 105 (Tex.App.—Beaumont 1993, no pet.).

In *Taylor v. State*, the Waco court held that while the extra notice requirements of Rule 40(b)(1) do not apply to appeals from plea-bargained misdemeanor convictions, the proviso portion of Article 44.02 is still in effect in those cases. *Taylor v. State*, 916 S.W.2d 680, 684–85 (Tex.App.—Waco 1996, pet. ref'd). There the defendant pleaded guilty to misdemeanor DWI as part of a plea bargaining agreement and sought to appeal the trial court's alleged error in accepting his plea without a written waiver of a jury trial. *Id.* at 682. The court of appeals held it was without jurisdiction to consider the issue because the defendant had not received the trial court's permission to appeal that issue.[1] *Id.* at 685.

---

1. Lenox also cites *Russell v. State,* in which the Waco court quoted the language in *Taylor* that "the extra notice requirements [of Rule

40(b)(1) ] apply only to felony plea bargained appeals," in concluding it had jurisdiction over an appeal in which the defendant plead-

■ Citing the language in *Lemmons* that Rule 40(b)(1), and now Rule 25.2(b)(3), subjected only appeals in plea-bargained felony cases to the particularized extra notice requirement and that the customary written notice of appeal is sufficient to invoke appellate jurisdiction of the court, Lenox contends that he need not have raised his issues on appeal by a pretrial written motion and that he need not have obtained the trial court's permission to appeal. However, *Lemmons* does not stand for that proposition because, if it did, then in repealing the proviso portion of Article 44.02 and enacting Rule 40(b)(1), the Texas Court of Criminal Appeals would have violated the Legislature's express directive not to enlarge a litigant's substantive rights. *See* Act of May 27, 1985, 69th Leg., R.S., ch. 685, §§ 1 & 4, 1985 Tex. Gen. Laws 2472–73 (codified at TEX. GOV'T CODE ANN. § 22.108). A defendant's legislatively-granted right to appeal is a substantive right. *Davis v. State*, 870 S.W.2d 43, 46 (Tex.Crim.App.1994).

Before Rule 40(b)(1) was enacted, a defendant who pleaded guilty to a misdemeanor offense as part of a plea bargaining agreement could only appeal matters that were raised in a written motion before trial or that the trial court had given him permission to appeal. If, as Lenox would have us hold, such a defendant could now raise any issue on appeal, then the repeal of Article 44.02 would have enlarged that defendant's substantive appellate rights. Thus, the court in *Taylor* is correct that

while the extra notice requirement of Rule 40(b)(1), and now Rule 25.2(b)(3), does not apply in plea-bargained misdemeanor appeals, the proviso portion of Article 44.02 is still in effect for those appeals.

■ An appellant invokes the jurisdiction of this court by filing a written notice of appeal. *Lemmons*, 818 S.W.2d at 60 (citing *Carter v. State*, 656 S.W.2d 468, 469 (Tex.Crim.App.1983)). But as the Texas Court of Criminal Appeals acknowledged in *Davis*, 870 S.W.2d at 46 and *Jones v. State*, 796 S.W.2d 183, 186–87 (Tex.Crim. App.1990), the extent of our jurisdiction can be limited by legislation or by rule. Article 44.02 represents such a limitation in a plea-bargained misdemeanor appeal.

■ In the present case, the record does not reflect that the trial court granted Lenox permission to appeal his evidence sufficiency or competency issues. Nor does the record reflect that those issues were raised by a pretrial written motion. Thus, we are without jurisdiction to consider those issues.

We are also without jurisdiction to consider the voluntariness of Lenox's plea. In *Cooper v. State*, 45 S.W.3d 77 (Tex.Crim. App.2001), the Texas Court of Criminal Appeals construed Rule 25.2(b)(3) as being in harmony with the proviso portion of Article 44.02. The court held that both Article 44.02 and Rule 25.2(b)(3) restricted a defendant from appealing the voluntariness of his plea unless he had the trial

---

ed guilty to a misdemeanor as part of a plea bargaining agreement. *Russell v. State*, 33 S.W.3d 471, 471–72 (Tex.App.—Waco 2001, no pet. h.) (citing *Taylor v. State*, 916 S.W.2d 680, 684 (Tex.App.—Waco 1996, pet. ref'd)) (citing *Lemmons v. State*, 818 S.W.2d 58, 62–63 (Tex.Crim.App.1991)). *Russell* involved an opinion granting the appellant's motion for rehearing and reinstating the appeal. *Russell*, 33 S.W.3d at 472. The court did not discuss the details of the appellant's issues on

appeal, e.g., whether he was appealing the trial court's ruling on his motion to suppress. However, to the extent the Waco court held it had jurisdiction over the appeal despite the defendant's failure to obtain the trial court's permission to appeal, *Russell* would be in conflict with *Taylor's* holding that the proviso of Article 44.02 is still in effect for misdemeanor cases. *See* TEX.CODE CRIM. PROC. ANN. art. 44.02 (Vernon 1979).

court's permission. *Id.* at 79. The record does not show that Lenox has the trial court's permission to appeal the voluntariness of his plea. Consequently, we are without jurisdiction to consider that issue.[2]

■ Lenox further contends that the trial court erred in overruling his request for an attorney. Lenox's Notice of Appeal requests an appeal of the trial court's denial of his application for an appointed counsel at the hearing on October 25, 2000, the day he pleaded guilty. However, the record does not indicate that Lenox requested an attorney or that he was indigent. The record does contain a waiver of counsel signed by Lenox. In a similar case, *Fontenot v. State*, 932 S.W.2d 185, 191 (Tex. App.—Fort Worth 1996, no pet.), the Fort Worth Court of Appeals held that the right to counsel was not a jurisdictional issue and therefore was not appealable without the trial court's permission when there was a plea bargaining agreement. In the present case, the record also does not demonstrate that Lenox has the trial court's permission to appeal the denial of his request for an attorney. Again, we are bound by the rulings of the Texas Court of Criminal Appeals on jurisdiction over such matters. Thus, we are without jurisdiction to consider that issue.

The appeal is dismissed for want of jurisdiction.

---

2. A plea bargain by its nature incorporates a voluntary and understanding plea of guilty, and thus its process can only be triggered when the plea bargain and guilty plea are voluntarily and understandably made; however, in the *Cooper* case, the Texas Court of Criminal Appeals determined that an involuntary plea may be raised by a motion for new trial and habeas corpus, but not on appeal. We are bound to follow this ruling. *Cooper v. State*, 45 S.W.3d 77 (Tex.Crim.App.2001).