NO. 07-01-0490-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 18, 2002

_____

MANUEL ALVORADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT OF WHEELER COUNTY;

NO. 7408; HONORABLE JERRY DAN HEFLEY, JUDGE

_____

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Appellant Manuel Alvorado appeals from his conviction for misdemeanor driving while intoxicated. We dismiss for want of jurisdiction.

Appellant seeks reversal of a judgment of conviction dated November 13, 2001, in Cause No. 7408 in the County Court of Wheeler County for misdemeanor driving while intoxicated. His conviction and sentence were pursuant to a plea bargain which was honored by the trial judge. As part of the trial court proceedings appellant and his court-

appointed attorney executed written waivers of the making of a record of the plea proceeding and appellant's right to appeal.

Appellant filed a motion for new trial urging that his plea was involuntary because of ineffective assistance of his appointed counsel and because he did not understand the terms of the plea bargain due to his inability to read, write or understand the English language. The trial court held a hearing on the motion. Testimony, evidence and affidavits were presented. The motion was overruled by operation of law. Appellant filed a general notice of appeal. He presents six issues which he maintains warrant reversal of his conviction. Issue 1 asserts violations of appellant's rights during his arrest, pretrial proceedings and at the plea hearing. Issues 2, 5 and 6 urge that his plea was involuntary due to coercion by and ineffectiveness of his appointed counsel and the court interpreter. Issues 3 and 4 claim improper procedures and evidentiary rulings by the trial court during and after the hearing on appellant's motion for new trial.[1] Neither appellant's notice of appeal nor his brief allege that the trial court gave permission for the appeal or that his appeal involves matters raised by written motion filed prior to trial. The record does not reflect either permission from the trial court for appeal or written pretrial motions.

The State urges that appellant's notice of appeal does not comply with the form required by TEX. R. APP. P. 25.2(b)(3),[2] and thus fails to invoke our appellate jurisdiction even though appellant's conviction was for a misdemeanor instead of a felony. The State

---

[1]Appellant does not assert that the trial court erred in failing to grant a new trial.

[2]A rule of appellate procedure will be referred to as "TRAP_" hereafter.

2

cites authorities such as Lenox v. State, 56 S.W.3d 660 (Tex.App.--Texarkana 2001, pet. ref'd), to support its position.

We disagree that the form of appellant's notice of appeal must comply with TRAP 25.2(b)(3) in order to invoke our appellate jurisdiction. As noted hereafter, however, we agree that we do not have jurisdiction over the appeal.

A threshold question in any case is whether the court has jurisdiction over the pending controversy. See State v. Roberts, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996). Courts will address the question of jurisdiction *sua sponte;* for, unless a court has jurisdiction over a matter, its actions in the matter are without validity. Id. at 657 n.2.

The right to appeal is conferred by the legislature, and a party may appeal only that which the legislature has authorized. See Marin v. State, 851 S.W.2d 275, 278 (Tex.Crim.App. 1993); Galitz v. State, 617 S.W.2d 949, 951 (Tex.Crim.App. 1981). Appellate jurisdiction is invoked by giving timely and proper notice of appeal. See State v. Riewe, 13 S.W.3d 408, 410 (Tex.Crim.App. 2000). Notice of appeal is sufficient if it is in writing and shows the party's desire to appeal from the judgment or appealable order. See TRAP 25.2(a), (b). But, if the appeal is from a judgment which was rendered on the defendant's plea of guilty or *nolo contendere* under TEX. CRIM. PROC. CODE ANN. art. 1.15 (Vernon Supp. 2002),[3] and in which the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the form of

---

[3]References to provisions of the Code of Criminal Procedure hereafter will be by reference to "CCP_."

3

the notice of appeal must comply with provisions of TRAP 25.2(b)(3).  See White v. State, 61 S.W.3d 424, 428 (Tex.Crim.App. 2001).  TRAP 25.2(b)(3) applies to appeals of plea-bargained felony convictions (i.e., those made under CCP art. 1.15), but not to appeals of plea-bargained misdemeanor convictions.  See Lenox, 56 S.W.3d at 663.

Appeals from misdemeanor convictions based on plea-bargained guilty or *nolo contendere* pleas honored by the trial court are governed by the "proviso" part of CCP art. 44.02 which requires that before such a misdemeanor conviction may be appealed, the trial court must have given its permission or the matters must have been raised by written motion filed before trial.  See Lenox, 56 S.W.3d at 664.  If the record does not demonstrate permission to appeal by the trial court or that the appeal is based on matters raised by written motion filed before trial, the appellate court does not have jurisdiction to consider the appeal.  Id.  Such lack of appellate jurisdiction extends to the issue of voluntariness of the plea.  Id.

Appellant does not claim, and the record does not demonstrate, that the trial court gave permission to appeal or that any matters raised in his appeal were the subject of written motions filed before trial.  Accordingly, we do not have jurisdiction.  The appeal is dismissed for want of jurisdiction.


Phil Johnson
Justice


4

Publish.