COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JAMES WASHINGTON, | § | No. 08-08-00260-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 168th District Court |
| THE STATE OF TEXAS, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC#20070D04077) |
| | § | |

**MEMORANDUM OPINION**

James Washington attempts to appeal his conviction for possession of cocaine in an amount less than one gram. Finding that Appellant has no right to appeal, we dismiss this appeal.

Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case:

A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order. In a plea bargain case–that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant–a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial, or

(B) after getting the trial court's permission to appeal.
TEX.R.APP.P. 25.2(a)(2).

Appellant filed a *pro se* notice of appeal and the trial court filed its certification of the defendant's right to appeal as required by Rules 25.2(a)(2) and 25.2(d). The trial court's

certification reflects that the appeal, "is a plea-bargain case, and the defendant has NO right of appeal." Furthermore, there is no indication that Appellant obtained the trial court's permission to appeal.

By letter dated September 3, 2008, the Clerk of this Court notified Appellant that the certification indicated that he had no right of appeal in this case and requested a response. In his initial response, he indicated that there is no right to appeal. However, in a subsequent communication with this Court, appellate counsel asserted that Appellant has a right to appeal the voluntariness of his guilty plea because Appellant might have understood he was going to be given a certain amount of credit for the time he was held under a federal detainer.[1]

The record before us does not reflect that the plea bargain included any agreement about the amount of credit Appellant would be given. Further, even if Appellant is correct, he does not have the right to appeal the voluntariness of his guilty plea because the trial court has denied permission to appeal; the limitation on the right to appeal extends to claims that a plea was involuntary. *See Lenox v. State,* 56 S.W.3d 660, 664-65 (Tex.App.–Texarkana 2001, pet. ref'd)(declining to address voluntariness of an appellant's plea-bargained guilty plea to misdemeanor without the trial court's permission); *see also Cooper v. State,* 45 S.W.3d 77, 81 (Tex.Crim.App. 2001)(holding that voluntariness of a plea may not be raised on appeal from a plea-bargained, felony charge absent the trial court's permission). Accordingly, we dismiss the appeal.

DAVID WELLINGTON CHEW, Chief Justice

January 15, 2009

---

[1] Counsel did not represent Appellant at trial and speculates that this is the case. Counsel requests that we order the trial court reporter to transcribe a hearing held on Appellant's application for writ of habeas corpus held subsequent to Appellant's conviction. We decline to do so.

Before Chew, C.J., McClure, and Rivera, JJ.
Rivera, J., not participating

(Do Not Publish)