

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00142-CR

_____

GARY W. LOWE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 87-0277X

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Gary W. Lowe has filed an attempted appeal from an order of the 71st Judicial District Court of Harrison County denying his motion for permission to appeal. Lowe was convicted in 1996. We first note that at this late date, either granting or denying such a request on its merits is outside the authority of the trial court, as the case is in the status of a post-conviction proceeding. That, however, does not affect the procedures to be followed when a notice of appeal is filed.

It is the duty of the trial clerk, whenever a notice of appeal is filed, to "immediately send one copy" to the clerk of the court of appeals." TEX. R. APP. P. 25.2(e). The appeal is perfected when a party timely files a sufficient notice of appeal. TEX. R. APP. P. 25.2(b); *State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000). A notice of appeal is sufficient if it is in writing and shows the party's desire to appeal from the judgment or appealable order. *See* TEX. R. APP. P. 25.2(a), (b); *Alvorado v. State*, 83 S.W.3d 203, 205 (Tex. App.—Amarillo 2002, no pet.). This notice of appeal clearly states a desire to appeal from an order of the trial court. It is, therefore, the duty of the district clerk to immediately transmit the notice to this Court for review. Upon receipt, this Court then determines whether the notice is sufficient and whether the appeal may proceed.

The right to appeal is conferred by the Legislature. *Rushing v. State*, 85 S.W.3d 283, 286 (Tex. Crim. App. 2002). A party may appeal only that which the Legislature has authorized. *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992). This notice of appeal is not from a judgment of conviction. We have reviewed the order at bar and can find no authority

permitting us to conclude that it is a type of order which the Legislature has set out as being appealable. We, therefore, have no jurisdiction over the appeal.[1]

We dismiss the appeal for want of jurisdiction.


Bailey C. Moseley
Justice

Date Submitted:     September 25, 2012
Date Decided:       September 26, 2012

Do Not Publish

---

[1] We note that Lowe was convicted in 1996. At this point in time, the trial court has no authority to allow a new trial, and any remedy remaining to Lowe is through post-conviction writ of habeas corpus with the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012).