

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JENNIFER LEGARRETA, | § | No. 08-14-00163-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 2 |
| | § | |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 20130C13208) |
| | § | |

## MEMORANDUM OPINION

Jennifer Legarreta attempts to appeal her conviction of possession of less than two ounces of marihuana. Appellant entered a negotiated plea of guilty and the trial court assessed her punishment at a fine of $300 in accordance with the plea bargain. Appellant subsequently filed a motion for new trial alleging her guilty plea was involuntary. The trial court denied the motion for new trial following a hearing. Finding Appellant does not have a right to appeal, we dismiss the appeal.

Appellant filed a timely notice of appeal, including the trial court's certification as required by Rules 25.2(a)(2) and 25.2(d), but the certification reflects that the appeal "is a plea-bargain case, and the defendant has NO right of appeal." In a plea-bargain case, a defendant may appeal only those matters raised by written motion and ruled on before trial, or after getting the

trial court's permission to appeal. TEX.R.APP.P. 25.2(a)(2). The Clerk's Office notified Appellant that the certification reflects she has no right of appeal in this case and requested a response. Both Appellant and the State have filed responses.

Appellant's response asserts that she did not understand all of the consequences of entering a guilty plea, and Appellant intends to challenge the voluntariness of her guilty plea and the trial court's denial of her motion for new trial. The voluntariness of a guilty plea may not be raised on appeal from a plea-bargained conviction absent permission of the trial court. *See Cooper v. State*, 45 S.W.3d 77, 81 (Tex.Crim.App. 2001); *Lenox v. State*, 56 S.W.3d 660, 664-65 (Tex.App.--Texarkana 2001, pet. ref'd). Likewise, an appellant must obtain the trial court's permission to appeal the denial of the defendant's motion for new trial. *See Estrada v. State*, 149 S.W.3d 280, 285 (Tex.App.--Houston [1st Dist.] 2004, pet. ref'd). The record does not reflect, and Appellant does not assert in her response, that the trial court has granted permission to appeal any issues related to the voluntariness of the guilty plea or denial of the motion for new trial. Based on the trial court's certification and the record before us, we conclude that Appellant does not have a right to appeal. Accordingly, we dismiss the appeal.

GUADALUPE RIVERA, Justice

August 29, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)