

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

06-20-00061-CR

_____

COREY TAYLOR DRYDEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 349th District Court
Anderson County, Texas
Trial Court No. 349CR-19-34187

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Corey Taylor Dryden was indicted on one count of possession of one gram or more, but less than four grams, of a controlled substance, a third-degree felony.[1]  Pursuant to a charge bargain with the State, Dryden pled guilty to the lesser-included offense of possession of less than one gram of a controlled substance.[2]

"Charge-bargaining involves questions of whether a defendant will plead guilty to the offense that has been alleged or to a lesser or related offense, and of whether the prosecutor will dismiss, or refrain from bringing, other charges."  *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003).  Under the Texas Court of Criminal Appeals's reasoning in *Shankle* and its progeny, "charge-bargaining affects punishment . . . [and] effectively puts a cap on punishment at the maximum sentence for the charge that is not dismissed."  *Id*.  And,"[w]here a charge bargain effectively caps the maximum punishment, the court of criminal appeals has held that a charge bargain falls within rule 25.2(a)(2)."  *Harper v. State*, 567 S.W.3d 450, 455 (Tex. App.—Fort Worth 2019, no pet.) (citing *Shankle*, 119 S.W.3d at 813).  Because the charge-bargain here effectively capped Dryden's punishment at the range of a state-jail felony, the charge bargain constitutes a plea agreement for purposes of Rule 25.2(a)(2).  *See id*.; *Kennedy v. State*, 297 S.W.3d 338, 339 (Tex. Crim. App. 2009).

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure details that right as follows:

[1]Originally appealed to the Twelfth Court of Appeals in Tyler, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001.  We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

[2]TEX. HEALTH & SAFETY CODE ANN. § 481.115(b).

(2)    . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:

(A)    those matters that were raised by written motion filed and ruled on before trial, or

(B)    after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record presently before this Court that Dryden either (1) filed a motion that was ruled on before trial or (2) obtained the trial court's permission to appeal under Rule 25.2(a)(2)(B). *See Lenox v. State*, 56 S.W.3d 660, 664 (Tex. App.—Texarkana 2001, pet. ref'd).

On September 3, 2020, we informed Dryden, through his counsel, of the apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. Dryden filed a response to our letter—in the form of an amended brief—that claimed that (1) there was no quid pro quo regarding the reduction in charge and the plea of guilty and (2) there was no agreement on punishment. For the reasons previously explained, these statements fail to resolve the jurisdictional defect that prevents us from hearing his appeal.

Because Dryden has no right of appeal as a result of his plea bargain with the State, we dismiss this appeal for want of jurisdiction.


Scott E. Stevens
Justice

Date Submitted:    September 15, 2020
Date Decided:    September 16, 2020

Do Not Publish

3