

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00121-CR

DEION MARQUIS SANDERS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 47,950-A

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Deion Marquis Sanders was indicted on (1) one count of aggravated family violence assault causing serious bodily injury with a deadly weapon against L.C., a child, with several lesser offenses pled in the alternative, and (2) one count of family violence assault causing bodily injury against S.K., another member of Sanders's household. In exchange for his plea of guilty to the aggravated family violence assault in Count I, Paragraph A, of the indictment, the State agreed to drop the lesser offenses pled in the alternative to Count I of the indictment and the second family violence assault charge in Count II of the indictment.

A charge bargain is "[a] plea bargain whereby a prosecutor agrees to drop some of the counts or reduce the charge to a less serious offense in exchange for a plea of either guilty or no contest from the defendant." *Plea bargain: charge bargain*, Black's Law Dictionary (11th ed. 2019). "Where a charge bargain effectively caps the maximum punishment, the court of criminal appeals has held that a charge bargain falls within rule 25.2(a)(2)." *Harper v. State*, 567 S.W.3d 450, 455 (Tex. App.—Fort Worth 2019, no pet.) (citing *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003)).

The charge bargain here effectively capped Sanders's punishment at the range of punishment for the offense to which Sanders pled guilty. Additionally, the State agreed to further cap Sanders's potential punishment at a maximum of twenty-five years' imprisonment, and the trial court honored that cap in its sentence. *See Hill v. State*, No. 06-17-00011-CR, 2017 WL 2822515, at *1 (Tex. App.—Texarkana June 30, 2017, pet. ref'd) (mem. op., not designated

2

for publication).[1] Accordingly, the charge bargain constitutes a plea agreement for purposes of Rule 25.2(a)(2). *See Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003); *see also Kennedy v. State*, 297 S.W.3d 338, 339 (Tex. Crim. App. 2009).

Because this is a charge-bargain case, Sanders has the right to appeal under Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure[2] only those matters that were raised by written motion filed and ruled on before trial or after receiving the trial court's permission to appeal. *See Kennedy*, 297 S.W.3d 340–41; *Shankle*, 119 S.W.3d at 812–13.

The clerk's record filed in this matter contains no written motions filed by Sanders and ruled on before trial. Further, there is no indication in the record that Sanders obtained the trial court's permission to appeal. *See Lenox v. State*, 56 S.W.3d 660, 664 (Tex. App.—Texarkana 2001, pet. ref'd). Finally, Sanders specifically waived his right to file a notice of appeal.

On March 2, 2021, we informed Sanders, through appointed defense counsel, of the apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. Counsel for Sanders filed a response to our letter, stating that

---

[1]Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

[2]The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure details that right as follows:

> In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> (A) those matters that were raised by written motion filed and ruled on before trial, or
>
> (B) after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2).

he could not advance a non-frivolous argument as to why this Court lacks jurisdiction over this appeal.

Because Sanders has no right of appeal as a result of his plea bargain agreement with the State and his waiver of the right of appeal, Sanders is without a right of appeal. We, therefore, dismiss this appeal for want of jurisdiction.

Scott E. Stevens
Justice

Date Submitted      May 3, 2021
Date Decided        May 4, 2021

Do Not Publish

4