**Opinion issued May 16, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00266-CR

———————————

**ROGER LEE SCHOOLER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1726645**

---

## MEMORANDUM OPINION

After appellant, Roger Lee Schooler, with an agreed punishment recommendation from the State, pleaded guilty to the felony offense of attempted

sexual assault,[1] the trial court assessed his punishment at confinement for two years. Appellant, acting pro se, filed a notice of appeal.

We dismiss the appeal for lack of jurisdiction.

## Background

On August 30, 2022, a Harris County Grand Jury issued a true bill of indictment, alleging that appellant, on or about June 10, 2021, "unlawfully, intentionally, with the specific intent to commit the offense of [s]exual [a]ssault of [the complainant] . . . , do an act, to-wit: physically assaulting the [c]omplainant by ripping the [c]omplainant's clothing and removing [his own] clothes and telling the [c]omplainant he was going to have sexual intercourse with her, which amounted to more than mere preparation that tended to but failed to effect the commission of the offense intended."

Appellant, with an agreed punishment recommendation from the State, pleaded guilty to the felony offense of attempted sexual assault. In connection with his plea agreement, appellant signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," in which he pleaded guilty to the felony offense of attempted sexual assault and admitted that he committed the acts alleged in the indictment. Appellant's appointed counsel also signed the "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," affirming

---

[1] *See* TEX. PENAL CODE ANN. §§ 15.01(a) (criminal attempt), 22.011 (sexual assault).

that she believed that appellant had entered his guilty plea knowingly, voluntarily, and after a full discussion of the consequences of the plea. Appellant's appointed counsel also affirmed that she believed appellant was competent to stand trial.

The "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" also included the following waiver of appellant's right to appeal:

> In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements[] of witnesses, and other documentary evidence. I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with [her]. I intend to enter a plea of guilty and the [State] will recommend that my punishment should be set at 2 years [confinement in the Texas Department of Criminal Justice–Institutional Division] and I agree to that recommendation. I waive any further time to prepare for trial to which I or my attorney may be entitled. Further, I waive any right of appeal which I may have should the court accept the foregoing plea bargain between myself and the [State].

Appellant also signed written admonishments, informing him that he had been indicted for the felony offense of attempted sexual assault and of the punishment range for that offense. Appellant further acknowledged that he understood that "[i]f the punishment assessed by the [trial] court d[id] not exceed the punishment recommended by the [State] and agreed to by [appellant] and [his] attorney, the court must give its permission to [appellant] before [he] may prosecute an appeal on any matter in this case except for those matters raised by [appellant] by written motion filed prior to trial." The written admonishments also included a "Statements and Waivers of Defendant," affirming that he was mentally competent, he understood

the nature of the charges against him, the trial court's admonishments, and the consequences of his pleas, and he freely and voluntarily pleaded guilty.

Moreover, appellant represented that he had consulted with his appointed counsel about his plea; he "waive[d] and g[a]ve up any time provided [appellant] by law to prepare for trial"; he was "totally satisfied with the representation provided by [his] counsel and [he had] received effective and competent representation"; he "waive[d] and g[a]ve up [his] right to a jury in th[e] case and [his] right to require the appearance, confrontation and cross[-]examination of the witnesses"; and he "confess[ed] and admit[ted] that [he] committed each and every allegation contained" in the indictment. Appellant requested that the trial court accept his guilty plea.

Finally, appellant signed a document titled, "Advice of Defendant's Right of Appeal," explaining that because appellant "pled guilty . . . and accepted the punishment recommended by the [State], [appellant could not] appeal [his] conviction unless the [trial court gave him] permission."

The trial court found sufficient evidence of appellant's guilt and that he had entered his guilty plea freely, knowingly, and voluntarily. The trial court admonished appellant of his legal rights and accepted his plea of guilty to the alleged offense. On March 22, 2022, the trial court entered a Judgment of Conviction, and, in accordance with the agreement between appellant and the State, the trial court

assessed appellant's punishment at confinement for two years. The trial court's judgment acknowledged that a plea agreement had been reached between the State and appellant.

Also, on March 22, 2022, the trial court entered its "Certification of [Appellant's] Right of Appeal," which states that it was "a plea bargain case, and the [appellant] ha[d] NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2), (d). The trial court's certification is included in the appellate record and is signed by appellant and his appointed counsel. *See id.* The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

On April 6, 2022, appellant filed a pro se notice of appeal. In his notice of appeal, appellant included a handwritten note stating that his plea "was entered involuntary[ily]" and in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

## Jurisdiction

"Courts always have jurisdiction to determine their own jurisdiction." *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009) (internal quotations omitted). Criminal defendants have a statutory right to appeal their conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; *Carson v. State*, 559 S.W.3d 489, 492 (Tex. Crim. App. 2018). However, when a trial court enters a judgment of guilt, it must certify

whether the defendant has a right of appeal. *See* Tex. R. App. P. 25.2(a)(2). Texas

Rule of Appellate Procedure 25.2(a) states that:

> In a plea bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the [State] and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute.

Tex. R. App. P. 25.2(a)(2).

An appeal must be dismissed if a certification showing that a defendant has

the right of appeal has not been made part of the record. *See* Tex. R. App. P. 25.2(d);

*Dears*, 154 S.W.3d at 613. Here, the record is clear that appellant pleaded guilty to

the offense of attempted sexual assault and the punishment assessed by the trial court

did not exceed the punishment recommended by the State. Accordingly, appellant

could only appeal those matters raised by written motion filed and ruled on before

trial, with the permission of the trial court, or where he was authorized to appeal by

statute. *See* Tex. R. App. P. 25.2(a)(2). The record does not reflect that appellant's

appeal meets any of these requirements. Thus, appellant may not appeal his

conviction for the felony offense of attempted sexual assault.

We note that, in his notice of appeal, filed pro se, appellant challenges the

voluntariness of his guilty plea, stating that his plea "was involuntary." However,

the Texas Court of Criminal Appeals has concluded that rule 25.2 "does not permit

the voluntariness of the plea to be raised on appeal." *Cooper v. State*, 45 S.W.3d 77, 83 (Tex. Crim. App. 2001) (dismissing appeal for lack of jurisdiction where defendant entered plea-bargain agreement with State but later filed notice of appeal challenging voluntariness of plea); *see also Lenox v. State*, 56 S.W.3d 660, 664–65 n.2 (Tex. App.—Texarkana 2001, pet. ref'd) (concluding court was "without jurisdiction to consider the voluntariness of [defendant's] plea"). Instead, "meritorious claims of involuntary pleas may be raised by other procedures: motion[s] for new trial and [post-conviction] habeas corpus." *Cooper*, 45 S.W.3d at 82 ("These procedures are not only adequate to resolve claims of involuntary pleas, but they are superior to appeal in that the claim may be supported by information from sources broader than the appellate record.").

Because appellant has no right of appeal, we must dismiss his appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by [Texas Rule of Appellate Procedure] 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."); *see also Fairley v. State*, Nos. 01-20-00824-CR, 01-20-00825-CR, 2022 WL 210457, at *1–3 (Tex. App.—Houston [1st Dist.] Jan. 25, 2022, no pet.) (mem. op., not designated for publication).

Accordingly, we dismiss the appeal for lack of jurisdiction.  *See* TEX. R. APP.

P. 43.2(f).  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

Do not publish.  TEX. R. APP. P. 47.2(b).