

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-24-00059-CR

DAVADIUS JAMES THOMAS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 54222-A

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Davadius James Thomas was indicted for one count of capital murder. Pursuant to a charge-bargain plea agreement with the State, Thomas pled guilty to murder,[1] instead of capital murder, and the State also agreed to dismiss all other charges pending against Thomas in Gregg County. He was sentenced to forty-five years' confinement in prison.

A charge bargain is "[a] plea bargain whereby a prosecutor agrees to drop some of the counts or reduce the charge to a less serious offense in exchange for a plea of either guilty or no contest from the defendant." *Plea bargain: charge bargain*, BLACK'S LAW DICTIONARY (11th ed. 2019). "Where a charge bargain effectively caps the maximum punishment, the court of criminal appeals has held that a charge bargain falls within rule 25.2(a)(2) [of the Texas Rules of Appellate Procedure]." *Harper v. State*, 567 S.W.3d 450, 455 (Tex. App.—Fort Worth 2019, no pet.) (citing *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003)); *see* TEX. R. APP. P. 25.2(a)(2).

The charge bargain here effectively placed a cap on the range of punishment to which Thomas was exposed. Accordingly, the charge bargain constituted a plea agreement for purposes of Rule 25.2(a)(2). *See Kennedy v. State*, 297 S.W.3d 338, 339 (Tex. Crim. App. 2009); *Shankle v. State*, 119 S.W.3d 808, 813 (Tex. Crim. App. 2003). Because this was a charge-bargain case, Thomas had the right to appeal under Rule 25.2(a)(2) of the Texas Rules of

---

[1]*See* TEX. PENAL CODE ANN. § 19.02(c) (Supp.).

Appellate Procedure[2] only "those matters that were raised by written motion filed and ruled on before trial," "after getting the trial court's permission to appeal," or if the "appeal [wa]s expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2); *see Kennedy*, 297 S.W.3d 340–41; *Shankle*, 119 S.W.3d at 812–13. Based on the record before this Court, this appeal involves none of those circumstances.

On October 3, 2024, we informed Thomas of the potential defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defects. On October 14, 2024, Thomas filed a response, arguing that the trial court's certification stated that this "[wa]s *not* a plea agreement case, and [Thomas] ha[d] the right to appeal." (Emphasis added). Although the trial court indicated in its certification both that Thomas had *and* did not have a right of appeal, the record, when viewed in its totality, shows the latter to be true.

The record shows that Thomas and the State entered into a charge-bargain plea agreement that would allow Thomas to plead guilty to murder instead of capital murder as

---

[2]The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2 of the Texas Rules of Appellate Procedure details that right as follows:

> In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> > (A)    those matters that were raised by written motion filed and ruled on before trial,
> >
> > (B)    after getting the trial court's permission to appeal, or
> >
> > (C)    where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2).

3

originally charged in the State's indictment[3] and that the State would dismiss all other charges pending against Thomas in Gregg County. The clerk's record contains no written motions filed by Thomas and ruled on before trial.

Further, when reviewed in its totality, the record indicates that Thomas did not obtain the trial court's permission to appeal. *See Lenox v. State*, 56 S.W.3d 660, 664 (Tex. App.—Texarkana 2001, pet. ref'd). In fact, Thomas specifically waived in writing his right of appeal. As part of the trial court's written plea admonishments, which were signed by Thomas and his trial counsel, Thomas acknowledged that (1) he "**WAIVE[D]** the right to appeal to the Court of Appeals," (2) he "**WITHDR[E]W** any pretrial motions that were filed and **WAIVE[D** his] right to appeal," and (3) he "**WAIVE[D]** the right to urge a Motion for New Trial." Further, Thomas judicially confessed "and admit[ted] to committing the offense(s) exactly as charged in the charging instrument or to a lesser included offense of the offense alleged in the charging instrument . . . as part of the Plea Bargain with the State." Finally, Thomas acknowledged that he "knowingly, freely, and voluntarily waive[d those] rights."

In addition to Thomas's written waiver of his right of appeal, the trial court made findings that Thomas "underst[oo]d his/her rights regarding his/her plea, agreements, waivers, statements, and stipulations" and that they were "knowingly, freely and voluntarily made," and the trial court approved and consented to each of Thomas's waivers.

---

[3]Based on his agreement with the State, Thomas's potential punishment was reduced to confinement in prison "for life or for any term of not more than 99 years or less than 5 years." TEX. PENAL CODE ANN. § 12.32(a).

Accordingly, we find that Thomas has no right of appeal as a result of his charge-bargain plea agreement with the State and his waiver of the right of appeal. We, therefore, dismiss this appeal for want of jurisdiction.

Charles van Cleef
Justice

Date Submitted:     November 6, 2024
Date Decided:       November 7, 2024

Do Not Publish