

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00114-CR

MATTHEW RYAN HARVEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Delta County, Texas
Trial Court No. 7982

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

On June 17, 2025, Matthew Ryan Harvey pled guilty to aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Supp.). Pursuant to a plea agreement with the State, the trial court sentenced Harvey to five years' incarceration. Harvey timely filed a notice of appeal.

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure states that an appeal may be had (1) in those matters that were raised by written motion filed and ruled on before trial, (2) after receiving the trial court's permission to appeal, or (3) where the specific appeal is expressly authorized by statute. *Kennedy v. State*, 297 S.W.3d 338, 340–41 (Tex. Crim. App. 2009).

The clerk's record filed in this matter contains no written pre-trial motions filed by Harvey and ruled on before trial. *See Lenox v. State*, 56 S.W.3d 660, 664 (Tex. App.—Texarkana 2001, pet. ref'd). We are also unaware of any express statutory authorization granting Harvey a right to appeal under the circumstances of this case. Furthermore, Harvey signed an explicit waiver of his right to appeal.

On September 12, 2025, we informed Harvey of the apparent defect in our jurisdiction over his appeal based on our understanding that he had entered into a plea agreement with the State and that he had signed a waiver of his right to appeal. We asked Harvey to show this Court, within ten days of the date of our letter, how it had jurisdiction over his appeal. We also warned Harvey that if we did not receive a satisfactory response from him on or before

2

September 22, we would have no choice but to dismiss his appeal. Harvey did not file a response to our September 12 correspondence.

Accordingly, we find that Harvey has no right of appeal as a result of his plea agreement with the State and his waiver of the right of appeal. We, therefore, dismiss this appeal for want of jurisdiction.

Scott E. Stevens
Chief Justice

Date Submitted:     September 23, 2025
Date Decided:       September 24, 2025

Do Not Publish